(No. 12271.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLIVER C. ANKRUM, Plaintiff in Error.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. CRIMINAL LAW—*what justifies order for temporary support pending a hearing of charge of wife abandonment.* An order requiring the defendant in a wife abandonment prosecution to pay $12 per month for the support of the wife pending the hearing on the information is supported by proof that while the defendant had conveyed to his wife property of considerable value it was not productive of much income and that the wife was obliged to work to support herself.

2. SAME—*defendant not entitled to jury on hearing of motion for allowance for support pendente lite.* Under section 3 of the Wife Abandonment act of 1915, (Hurd's Stat. 1917, p. 1657,) a motion for an allowance for the support of the wife pending the hearing of the charge in the information is addressed to the sound discretion of the court, and the defendant is not entitled to a trial by jury on the motion.

3. CONSTITUTIONAL LAW—*section 3 of Wife Abandonment act is within the title.* Section 3 of the Wife Abandonment act of 1915, providing for an allowance to the wife pending the hearing on the information, is within the subject of the act as expressed in the title and is not invalid.

4. SAME—*Wife Abandonment act of 1915 is complete in itself.* The Wife Abandonment act of 1915, consisting of eleven sections, is complete in itself and is an independent act, and is not invalid as an attempted amendment of the act of 1903 without inserting said act at length in the new one.

WRIT OF ERROR to the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

GRAHAM & DYSERT, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOHN H. LEWMAN, State's Attorney, and ALBERT D. RODENBERG, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

An information was filed in the county court of Vermilion county by the State's attorney of that county on February 15, 1918, against plaintiff in error, charging he had unlawfully, willfully and without reasonable cause neglected and refused to provide for the support and maintenance of his lawful wife, Ida R. Ankrum, she being then and there in destitute and necessitous circumstances. On May 8, 1918, which was during the April term of the county court, plaintiff in error pleaded not guilty and the cause was continued. On the same day the State's attorney made a motion for a rule and order against plaintiff in error requiring him to provide for the support and maintenance of his wife *pendente lite.* Plaintiff in error or his counsel were notified the motion would be heard by the court May 18. He filed an answer to the motion denying he had been notified of the hearing, as required by law, and alleging the statute on which the proceeding was based was unconstitutional. The answer further alleged plaintiff in error had conveyed to his wife his one-half interest in 105 acres of land, had given her a check for $2050 and had conveyed to their only child, a daughter, who lived with her mother, real estate worth $5000, and, further, that his wife refused to live with him. On the day set for hearing the motion plaintiff in error appeared with his witnesses and counsel and demanded a trial by jury, which the court denied and heard the testimony offered by the respective parties in support of and in opposition to the motion.

Mrs. Ankrum testified she and her husband had been married about twenty-seven years. He left her the sixth or seventh of February, 1918, and she did not know where he went. She subsequently heard he went to Oklahoma. He had not been to see her since he left. She testified she had no means to live on except the money she earned by work. They had one child, a daughter seventeen years old,

who lived with her mother in the family residence in the village of Ridge Farm. The title to the property had been in plaintiff in error but before he left his wife they joined in a conveyance of it to their daughter, reserving to them and the survivor of them the use of the·property during their lives. It appears plaintiff in error and his wife owned 105 acres of land as tenants in common. Before he left plaintiff in error conveyed his interest to his wife. The land was mortgaged for $2000, and he gave his wife a check for $2050 to pay the mortgage, which check she deposited with a bank and had never used any of it. Plaintiff in error testified that before he left home he bought and had delivered at the family residence five bushels of potatoes, fifty pounds of flour, a shoulder of meat and fifty bushels of coal, all of which he paid for.

The only question to be determined upon this branch of the case is whether the showing made on the motion for an allowance for the support and maintenance of the wife *pendente lite* supports the order of the court that plaintiff in error pay his wife for her support *pendente lite* $12 per month. That is the only order or judgment brought up for review by the writ of error sued out of this court on the ground that the constitutionality of a statute is involved.

On the merits whether the proof supports the order and judgment, we are of opinion it did. The property conveyed by plaintiff in error to his wife was of substantial value but was not productive of very much income, and the wife had to work for her support, or at least a part of it. There never has been a hearing on the charge in the information and the merits of that charge are not now for determination. The proof supports the judgment for support of the wife pending the trial of the charge in the information.

Plaintiff in error contends that section 3 of the act of 1915 authorizing an order for temporary support is unconstitutional, being in violation of section 13 of article 4 of the constitution, which provides that no act shall embrace

more than one subject and that shall be expressed in the title of the act. The motion for an allowance for temporary support of the wife was heard by the court without a jury, and plaintiff in error contends this was in violation of his constitutional right of a trial by jury. Plaintiff in error also contends that the act of 1915, under which the information in this case was filed, though purporting to be an independent piece of legislation, is but an amendment of the Abandonment act of 1903, and is unconstitutional and void because the act amended is not inserted at length in the new act. Another objection raised by plaintiff in error is the hearing of the motion for temporary support after continuing the hearing on the information for the term.

The title of the 1915 act in question is as follows: "An act making it a misdemeanor for any person to neglect or refuse, without reasonable cause, to provide for the support or maintenance of his wife, said wife being in destitute or in necessitous circumstances, or, without lawful excuse, to desert or neglect or refuse to provide for the support or maintenance of his or her child or children under the age of eighteen years in destitute or necessitous circumstances, to provide punishment for violation thereof and to provide for suspension of sentence and release upon probation in such case." Section 3 of the act reads: "At any time before the trial, upon motion of the complainant and upon notice to the defendant, the court at any time or a judge thereof in vacation, may enter such temporary order as may seem just, providing for the support or maintenance of the wife or child or children of the defendant, or both, *pendente lite,* and may for violation of such order punish the offender as for a contempt of court." (Hurd's Stat. 1917, p. 1657.) While the title of the act does not contain an express reference to the provisions of section 3, it does embrace the general subject and covers the subject of the different sections of the act. The object and purpose of the act is to punish the offender and also to provide support

for his destitute or necessitous wife and children. The title of an act cannot be as comprehensive as the act itself, and it is but the purpose of the title to inform or give notice of the subject matter with which the act itself deals. This, we think, the title to the act in question clearly does. (*People* v. *Joyce*, 246 Ill. 124; *People* v. *McBride*, 234 id. 146.) Both the Divorce act (chapter 40 of Hurd's Statutes) and the Separate Maintenance act (chapter 68) provide that the court before which the proceedings are pending may grant to the wife an allowance pending the suit. The title of neither act expressly refers to the provisions of the acts mentioned, and the provisions have never been supposed to be unconstitutional for that reason.

We do not think plaintiff in error was entitled to a trial by jury on the motion. The guilt or innocence of plaintiff in error of the charge in the information, if involved at all, was only incidentally so. The motion was addressed to the sound discretion of the court and plaintiff in error was not entitled to a jury.

It is further contended that the act of 1915 purports to be an independent act but is, in fact, an amendment of the act of 1903, and violates section 13 of article 4 of the constitution in not inserting the section amended at length in the new act. The act of 1903 consisted of two sections. The act of 1915 consists of eleven sections. It does not profess to amend the act of 1903, and while the subject matter dealt with in the later act is the subject dealt with in the former, the provisions of the former act are not so mingled with the new act as to make the old and new acts a connected piece of legislation covering the same subject, and the act does not come within the rule announced in *Brooks* v. *Hatch*, 261 Ill. 179, and *Galpin* v. *City of Chicago*, 269 id. 27. It is an independent act upon the subject with which it deals, complete in itself, designed to take the place of the former act, and expressly repeals all acts

in conflict with it. We do not consider the act, or section 3 of the act, subject to the constitutional objections raised.

It was not error for the court to hear the motion after the trial of the case had been continued.

*Judgment affirmed.*